Filed 3/19/13  P. v. Vinson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056963 |
| v. | (Super.Ct.No. FSB1102465) |
| GEORGE EARL VINSON, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant George Earl Vinson, Jr., was charged by information with six counts of committing a lewd act upon a minor under the age of 14 years between January 1, 2002 and December 31, 2006. (Pen. Code, § 288, subd. (a), counts 1-6).[1] Counts 1 through 3 alleged offenses committed against M.G., and counts 3 through 6 alleged offenses committed against K.G. As to all six counts, it was alleged that the offenses were committed against more than one victim. (§ 667.61, subds. (b) & (e).) A jury found defendant guilty of all six counts and found the multiple victim allegation as to each count to be true. The court sentenced defendant to state prison for a total indeterminate sentence of 90 years to life, which was comprised of six consecutive terms of 15 years to life. The court granted him 420 custody credits pursuant to section 2933.1.

Defendant filed a timely notice of appeal. We affirm.

### FACTUAL BACKGROUND

M.G. was born in 1997, and K.G. was born in 1998. Their grandmother is Lori B. Defendant was Lori B.'s former boyfriend, with whom she had a child.

M.G. and K.G. (the victims) lived with their grandmother for about two years. Defendant would stay at the grandmother's house when the victims were there. According to M.G., defendant began touching her appropriately when she was about five years old. The first time occurred when defendant came into the room where M.G. was sleeping and pulled down her pants. He touched her vagina, buttocks, and chest with his hands. He also touched her vagina and buttocks with his penis.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

The next incident occurred when M.G. and defendant were sitting on the couch watching television.  Defendant grabbed M.G.'s hands and forced her to rub his penis.  Later that night, defendant went into the room where M.G. was sleeping, pulled her pants down, and touched her in the same manner as he had during the first incident.

M.G. testified that defendant put his penis "in [her] butt[ocks]" at least three or four times.  He also tried to put his penis "in [her] front part" three or four times.  Defendant stopped touching M.G. inappropriately when she was 7 or 8 years old.  M.G. did not tell anyone about the incidents for years because defendant threatened to kill her parents if she did.

K.G. testified that defendant touched her inappropriately at her grandmother's house when she was four or five years old.  The first incident occurred when defendant was babysitting K.G., her sister, and her cousins.  Defendant climbed up on the top bunk where K.G. was sleeping and started squeezing her buttocks.  He then removed her pants and started touching her vagina with his hands.  He stopped when K.G.'s grandmother, aunt, and mother came home.

The next time defendant touched K.G. was two days later.  Defendant was babysitting again, and K.G. was sleeping on a king-sized bed with her cousins.  Defendant came into the room and took K.G.'s shorts off.  He squeezed her buttocks and then penetrated them with his penis.  He stopped when the doorbell rang.  K.G. testified that defendant put his penis in her buttocks one other time when she was on the king-sized bed.  K.G. also recalled that defendant put his penis on her chest and moved it

3

around, but she could not recall how that incident ended.  K.G. did not tell anyone when defendant was touching her because he threatened to kill one her of her parents if she did.

## ANALYSIS

Defendant appealed and, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and the following potential arguable issues:  1) whether the evidence was sufficient to show that defendant touched K.G. on three separate occasions; and 2) whether the trial court properly sentenced defendant to six consecutive prison terms of 15 years to life, pursuant to the multiple victim enhancement/sentencing scheme, as opposed to one indeterminate term per victim.  Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.

We have now concluded our independent review of the record and find no arguable issues.

4

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.